# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MEDINA, <br> Plaintiff <br><br> VS. <br><br> CITY OF LOWELL, MASSACHUSETTS, <br> V. FERNANDEZ; and RICHARD ROE, <br> ALIAS; <br> Defendants | 04cv10204GAO <br> CIVIL ACTION NO. <br><br> RECEIPT # 53459 <br> AMOUNT $150 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. _____ <br> DATE 1-29-04 |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action for compensatory and punitive monetary damages arising from the violation of his constitutional, statutory and common law rights during events which occurred on or about June 3, 2001, when he was assaulted, battered, arrested, imprisoned and maliciously prosecuted, all without cause by defendants, while acting under color of law, causing Plaintiff to sustain physical injuries, economic loss, great emotional distress and deprivation of rights secured by the federal and state constitutions, in violation of 42 U.S.C. §1983 and state law. He also brings ancillary state law claims over which this court has pendent jurisdiction.

### JURISDICTION

2. This action is brought under 42 U.S.C. §§ 1983 and 1988 for violations of the

1

fourteenth amendment to the United States Constitution. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this court over related state law claims.

## PARTIES

3.  Plaintiff David Medina ("Plaintiff") is a Hispanic resident of Dracut, Middlesex County, Massachusetts.

4.  Defendant City of Lowell, Massachusetts ("Lowell") is and was at all times relevant to this suit a municipal corporation, situated in Middlesex County and duly organized under the laws of the Commonwealth of Massachusetts.

5.  Defendant V. Fernandez, ("Fernandez"), at all times relevant to this complaint, was a police officer employed by the Lowell Police Department, acting under color of law and within the scope of his employment. His first name is unknown, but is expected to be learned through discovery. He is sued individually.

6.  Richard Roe ("Roe"), at all times relevant to this complaint, was a police officer employed by the Lowell Police Department, acting under color of law and within the scope of his employment. His true name is unknown, but is expected to be learned through discovery. He is sued individually.

## STATEMENT OF FACTS

7.  On or about June 3, 2001 at approximately 2:30 a.m., while he was sitting in his vehicle outside a sandwich shop, breaking no laws, playing his car radio, he was approached by either defendant Fernandez or Defendant Roe, who, using profanity, ordered

2

plaintiff to shut off the music.

8. Plaintiff, intending to comply, began by putting the window up. The officer threatened to break the window with his flashlight, unless plaintiff put the window back down.

9. Plaintiff immediately lowered the window, half way, whereupon the defendant police officers ordered him out of the car.

10. Plaintiff complied.

11. Knowing that plaintiff had committed no crime, the defendant police officers then threw him onto the hood of a police cruiser, tightly handcuffed him, and placed him in a police wagon.

12. The defendant police officers then transported plaintiff to the Lowell police station.

13. The defendant police officers placed the handcuffs on plaintiff's wrists so tightly as to cause them to bleed.

14. Defendants held plaintiff at the police station for approximately 7 and one half hours before releasing him.

15. Thereafter, Defendant Fernandez prepared a false report concerning the events leading to plaintiff's arrest in order to conceal his foregoing wrongful conduct and to prevent Plaintiff from seeking judicial redress to which he is entitled under law.

16. As a direct and foreseeable consequence of the defendants' wrongful acts and omissions, Plaintiff suffered physical and psychological injuries, as well as economic loss.

17. On June 3, 2001, Lowell had a policy or custom of violating the rights of its citizens, manifest in deliberate or reckless indifference to adequate training, adequate hiring and other personnel policies and adequate supervision, all of which it knew or had reason to know would cause the injuries suffered by Plaintiff, and said policy or custom in fact caused such injuries.

## STATEMENT OF CLAIMS

### COUNT I

### FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above, as if fully set forth herein.

19. The defendants jointly and severally deprived Plaintiff of clearly established constitutional rights secured under the fourteenth amendment to the United States Constitution, including freedom from the use of excessive and unreasonable force, freedom from unreasonable search and seizure and freedom from intimidation, humiliation and damage to reputation.

20. Defendants are jointly and severally liable to Plaintiff under 42 U.S.C. § 1983 for their unlawful conduct, and Plaintiff is entitled to the award of compensatory and punitive monetary damages, and, under 42 U.S.C. § 1988 to costs and attorney's fees.

### COUNT II

### MASSACHUSETTS CIVIL RIGHTS ACT

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above,

as if fully set forth herein.

22.  Defendants Fernandez and Roe, in violation of Mass.Gen.Laws ch. 12, § 11I, interfered or attempted to interfere by threats, intimidation or coercion, with Plaintiff's exercise and enjoyment of rights secured under the constitution and laws of the Commonwealth of Massachusetts and the United States and are jointly and severally liable to him for said interference and attempted interference, as well as for his costs and attorney's fees

## COUNT III

## FALSE IMPRISONMENT

23.  Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above, as if fully set forth herein.

24.  The acts of defendants Fernandez and Roe constituted the false imprisonment of the Plaintiff in violation of the laws of Massachusetts, for which each individual defendant is liable, jointly and severally, to Plaintiff.

## COUNT IV

## ASSAULT AND BATTERY

25.  Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above, as if fully set forth herein.

26.  Defendants Fernandez and Roe assaulted and battered Plaintiff without provocation or justification in violation of the laws of Massachusetts and are thereby jointly and severally liable to him

## COUNT V

## MASSACHUSETTS TORT CLAIMS ACT

27. Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above, as if fully set forth herein.

28. The injuries suffered by Plaintiff, as described above, were the direct and foreseeable consequence of the negligence of employees of Lowell in the execution of their duties for their employer, including but not limited to negligent and otherwise wrongful acts and omissions in recruitment, training and supervision.

29. On or about May 20, 2003, Plaintiff, through his attorney, presented his claim for relief in accordance with the procedures set forth in Mass. Gen. Laws ch. 258 to the public employer, through the City Clerk, a copy of which presentment is attached hereto as Exhibit "A," and the contents of which are incorporated herein by reference. Lowell did not, within 180 days, respond thereto such that the claim is deemed denied, and Plaintiff may now proceed in court under ch. 258.

30. Lowell is liable to Plaintiff in negligence for the negligent and otherwise wrongful acts and omissions of its employees, whereby Plaintiff is entitled to compensatory damages of up to $100,000.00.

WHEREFORE, Plaintiff demands:

A. The entry of judgment in favor of Plaintiff under all counts;

B. Judgment against all of the defendants, jointly and severally under Count I;

C. Judgment against the individual defendants, jointly and severally, under Counts II-IV;

D.  Judgment against City of Lowell under Count V.

E.  The award of compensatory damages in an amount no less than $200,000.00, to Plaintiff under Counts I through IV;

F.  The award of punitive damages under Count I against the individual defendants in an amount no less than $100,000.00 each;

G.  The award of damages against Lowell under Count V in the amount of $100,000.00;

H.  Reasonable attorney's fees;

I.  The cost of bringing this action;

J.  Pre-judgment interest; and

K.  Such further relief as the court deems just and equitable.

Respectfully submitted,

DAVID MEDINA,
By his attorney,

Dated: January 27, 2004

*(signature)*
Robert LeRoux Hernandez
BBO No. 231920
Six Pleasant Street, Suite 517
Malden, MA 02148
(781) 321-8300

7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MEDINA,<br>    Plaintiff<br><br>VS.<br><br>CITY OF LOWELL, MASSACHUSETTS,<br>V. FERNANDEZ; and RICHARD ROE,<br>ALIAS;<br>    Defendants | CIVIL ACTION NO. 04 10... GAO |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.

Respectfully submitted,

DAVID MEDINA,
By his attorney,

Dated: January 27, 2004

_____
Robert LeRoux Hernandez
BBO No. 231920
Six Pleasant Street, Suite 517
Malden, MA 02148
(781) 321-8300