UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID MEDINA,<br>    Plaintiff | )<br>)<br>) | C.A. NO. 04-10204-GAO |
| V. | )<br>) | |
| CITY OF LOWELL, MASSACHUSETTS,<br>V. FERNANDEZ, and RICHARD ROE,<br>ALIAS,<br>    Defendants | )<br>)<br>)<br>) | |

## ANSWER OF DEFENDANT CITY OF LOWELL

Now comes the Defendant, City of Lowell ("the City"), in the above-entitled action, and for answer says:

### INTRODUCTION

1. The City admits that a civil action has been brought on behalf of the Plaintiff and that damages are sought, but denies each and every further allegation contained in Paragraph 1 and calls upon Plaintiff to prove same.

### JURISDICTION

2. The City states that Paragraph 2 contains no allegations of fact requiring an answer. To the extent that any such allegations are made, they are denied.

### PARTIES

3. The City lacks sufficient knowledge to admit or deny the allegations in Paragraph 3.

4. The City admits the allegations in Paragraph 4.

5. The City lacks sufficient knowledge to admit or deny the allegations in Paragraph 5.

6. The City lacks sufficient knowledge to admit or deny the allegations in Paragraph 6.

### STATEMENT OF FACTS

7.  The City denies the allegations in Paragraph 7 and calls upon Plaintiff to prove same.

8.  The City denies the allegations in Paragraph 8 and calls upon Plaintiff to prove same.

9.  The City denies the allegations in Paragraph 9 and calls upon Plaintiff to prove same.

10. The City denies the allegations in Paragraph 10 and calls upon Plaintiff to prove same.

11. The City denies the allegations in Paragraph 11 and calls upon Plaintiff to prove same.

12. The City denies the allegations in Paragraph 12 and calls upon Plaintiff to prove same.

13. The City denies the allegations in Paragraph 13 and calls upon Plaintiff to prove same.

14. The City denies the allegations in Paragraph 14 and calls upon Plaintiff to prove same.

15. The City denies the allegations in Paragraph 15 and calls upon Plaintiff to prove same.

16. The City denies the allegations in Paragraph 16 and calls upon Plaintiff to prove same

17. The City denies the allegations in Paragraph 17 and calls upon Plaintiff to prove same.

## STATEMENT OF CLAIMS
## COUNT I
## FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983

18. The City repeats and reaffirms its responses to the allegations set forth in Paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

19. The City denies the allegations in Paragraph 19 and calls upon Plaintiff to prove same.

20. The City denies the allegations in Paragraph 20 and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

## COUNT II
## MASSACHUSETTS CIVIL RIGHTS ACT

21. The City repeats and reaffirms its responses to the allegations set forth in Paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

22. The City states that Paragraph 22 is directed to a Defendant other than the City of Lowell and no answer is required.

## COUNT III
## FALSE IMPRISONMENT

23. The City repeats and reaffirms its responses to the allegations set forth in Paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

24. The City states that Paragraph 24 is directed to a Defendant other than the City of Lowell and no answer is required.

## COUNT IV
## ASSAULT AND BATTERY

25. The City repeats and reaffirms its responses to the allegations set forth in Paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

26. The City states that Paragraph 26 is directed to a Defendant other than the City of Lowell and no answer is required.

## COUNT V
## MASSACHUSETTS TORT CLAIMS ACT

27. The City repeats and reaffirms its responses to the allegations set forth in Paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

28. The City denies the allegations in Paragraph 28 and calls upon Plaintiff to prove same.

29. The City denies the allegations in Paragraph 29 and calls upon Plaintiff to prove same.

30. The City denies the allegations in Paragraph 4 and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §1983, because he fails to allege a municipal custom, policy or practice or that any custom, policy or practice of Defendant, City of Lowell, caused injury to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state a claim under M.G.L. c.12, §11I, because he fails to allege a deprivation of constitutional rights by threats, intimidation or coercion by Defendant, City of Lowell.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it has not violated a well-established constitutional right of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff's action is barred by the relevant statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff is not entitled to prospective equitable relief because he fails to support allegations of the likelihood of future injury, or to allege irreparable harm, or the unavailability of an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state causes of action which rise to the level of constitutional violations.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from liability based on respondeat superior as alleged under 42 U.S.C. §1983 and M.G.L. c.12, §§11H and 11I.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that Plaintiff's Complaint fails to state a claim under M.G.L. c.12 §§11H and 11I in that the alleged failure to supervise, train and discipline does not amount to force, intimidation or coercion and the City of Lowell therefore cannot be held liable under the Massachusetts Civil Rights Act.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it has not committed any act or acts constituting deliberate indifference to Plaintiff's constitutional rights and the Complaint therefore should be dismissed as to Defendant, City of Lowell.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is not liable for the intentional torts alleged in Plaintiff's Complaint under M.G.L. c.258.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from any claims of negligence alleged in the Complaint under M.G.L. c.258 §§2 and 10(a) and 10(b).

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the police officers named in Plaintiff's Complaint were not acting under color of law and therefore the City of Lowell is not liable to the Plaintiff for any act or acts alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from liability for punitive damages under City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), and said damages may not be assessed against the City of Lowell as requested in Plaintiff's Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the hiring process used by the City of Lowell complied with and followed the rules and regulations of the Civil Service Commission, as promulgated under M.G.L. c.31 and the Defendant, City of Lowell, is therefore not liable for any acts complained of concerning violations of Plaintiff's rights by hiring individual Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that, not being a person, it is immune from liability under M.G.L. c.12, §§11H and 11I.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that due notice of the time, place and cause of injury and damage was not given to the Defendant, City of Lowell, by the Plaintiff in accordance with M.G.L. c.258 §4.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that no punitive damages lie against any named defendant acting in his official capacity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff is not entitled to prejudgment interest as a matter of right under 42 U.S.C. §1983 or M.G.L. c.12 §§11H and 11I.

**The Defendant, City of Lowell, demands a trial by jury on all issues so triable.**

March 2, 2004                                    **CITY OF LOWELL, DEFENDANT**

_____
Brian W. Leahey, Assistant City Solicitor
BBO # 567403
City Hall, Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Robert LeRoux Hernandez, Esq., Six Pleasant Street #517, Malden MA 02148, via first-class mail, on March 2, 2004.

_____
Brian W. Leahey, Assistant City Solicitor