UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,

**Plaintiff**

vs.

CITY OF LOWELL, MASSACHUSETTS,
V. FERNANDEZ and RICHARD ROE,
ALIAS;
**Defendants**

Civil Action No.: 04-10204 GAO

## DEFENDANT FERNANDEZ'S MOTION TO DISMISS
## FOR UNTIMELY SERVICE PURSUANT TO RULES 12(b)(5) AND 4(m)

Now comes the Defendant Vincent Fernandez ("Fernandez") pursuant to *Fed.R.Civ.P.*

*12(b)(5)* praying that this Honorable Court will grant his motion to dismiss this action against

him. As reason in support thereof, Fernandez states that this action was filed with the Court

on **January 29, 2004**. (See Copy of Docket at Exhibit 1). A summons was issued for V.

Fernandez on that date to Plaintiff's Counsel. (Exhibit 1). Yet Fernandez was not served with

the complaint until **August 12, 2004**, more than seventy (70) days past the **120** day deadline

imposed by *Fed.R.Civ.P. 4(m)*. (See Copy of Return of Summons at Exhibit 2). The

Defendant, as indicated on the return of summons was served at his place of employment, the

Lowell Police Department, where he has remained employed since the alleged incident that is

the subject of this suit. Accordingly, the Plaintiff cannot make out a claim for good cause why

he has not effected service prior to the **120** deadline.

Further, as the alleged incidents which form the basis of this action purportedly

occurred on or about **June 3, 2001,** (See Copy of Plaintiff's Complaint at Exhibit **3** at

Paragraph 1), and service was made after the applicable statute of limitations, this matter

should be dismissed.

The Defendant's counsel in this matter has attempted to resolve this issue pursuant to

***Local Rule 7.1(A)(2).***  The Plaintiff's Counsel has not responded to this Counsel's request to

resolve this service issue.  (See Copy of Defendant's ***Local Rule 7.1(A)(2)*** Correspondence at

Exhibit **4**).

**THE DEFENDANT REQUESTS ORAL ARGUMENT ON THIS MOTION.**

Respectfully submitted,

Thomas J. Freda, BBO#178150
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433
E-Mail: mplaw @bellatlantic.net

Dated: September 8, 2004

**CERTIFICATE OF SERVICE**

I, Thomas J. Freda, hereby certify that on the date listed above, I served a copy of the forgoing Motion to Dismiss, Affidavit in Support of Motion with Attached Exhibits and Memorandum in Support of Motion to Dismiss by *facsimile and regular mail, postage prepaid* to the following:

**Plaintiff's Attorney**

Robert LeRoux Hernandez, Esquire
**Law Office of Robert LeRoux Hernandez**
6 Pleasant Street, Suite 520
Malden, MA 02148

**Co-Defendant's Attorney**

Brian W. Leahey, Asst. City Solicitor
City of Lowell, Law Department
375 Merrimack Street, Room 64
Lowell, MA  01852

Thomas J. Freda - BBO#178150

A:\DavidMedinaMotiontoDismiss.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,

      **Plaintiff**

vs.

CITY OF LOWELL, MASSACHUSETTS,
V. FERNANDEZ and RICHARD ROE,
ALIAS;
      **Defendants**

Civil Action No.: 04-10204 GAO

## DEFENDANT FERNANDEZ'S LOCAL RULE 7.I(A)(2) CERTIFICATION

Undersigned counsel hereby certifies that he has attempted to confer with Plaintiff's counsel and in good faith attempted to resolve or narrow the issues regarding service of process violation in violation of *Fed.R.Civ.P. 4(m)*. See attached letter to the Plaintiff's Counsel at Exhibit **4**.

Respectfully submitted,

Thomas J. Freda, BBO#178150
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433
E-Mail: mplaw @bellatlantic.net

Dated: September 8, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,

**Plaintiff**

vs.

CITY OF LOWELL, MASSACHUSETTS,
V. FERNANDEZ and RICHARD ROE,
ALIAS;
     **Defendants**

Civil Action No.: 04-10204 GAO

## MEMORANDUM IN SUPPORT OF DEFENDANT FERNANDEZ'S MOTION TO DISMISS FOR UNTIMELY SERVICE PURSUANT TO RULES 12(b)(5) AND 4(m)

### STATEMENT OF FACTS

This is a civil action for damages brought against the City of Lowell and two police officers in its employ, Vincent Fernandez and another unidentified officer (described as Richard Roe), by David Medina ("Medina") who alleges civil rights violations occurred during his arrest on or about **June 3, 2001**. (See Exhibit **3** at Paragraph 1). Medina filed his complaint with this court on **January 29, 2004.** On that same date, this Court issued a summons for Fernandez. Fernandez was not served until **August 12, 2004.** (See Exhibit **2**). **August 12, 2004** is approximately **196** days after **January 29, 2004.**

### STANDARD OF REVIEW

1.    **Rules of Federal Civil Procedure Mandate an Action's Dismissal where Service is Made More Than 120 Days After the Complaint is Filed.**

Under **Rule 4(m)**, "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion ... *shall dismiss the action.*" *Id.* (Emphasis added). The purpose of **Rule 4(m)** is "to compel the parties and their counsel to be diligent in prosecuting causes of action." **Jardines Bacata, Limited v. Diaz-Marquez, et al., 878 F.2d 1555, 1558 (1st Cir. 1989) quoting U.S. v. Ayer, 857 F.2d 881, 884 (1st Cir. 1998). Rule 4(m)** also ensures fairness to a defendant: "until the defendants receive some formal notice of the institution of the action, they are not assured a meaningful opportunity to discover, marshall, and preserve evidence, that is, to prepare a defense." **Ayer, supra**. Another important function of **Rule 4(m)** is to promote judicial economy because

> the court has a systemic interest in the progress of its own docket and in management of a burgeoning flow of litigation. To meet this amalgam of needs, the rule provides a stern sanction–dismissal–unless service is perfected within the 120-day limit or there is 'good cause' for the time overrun. *Id.*

As a mechanism of law, service of process is how the district court acquires jurisdiction over a defendant. *See* **Jardines Bacata, Limited, supra citing Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 240 F.2d 814, 816 (5th Cir. 1957)**. In **Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir.1991),** the Sixth Circuit explains that the requirement of proper service of process "is not some mindless technicality." (Quoting **Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987)**). Constitutional due process requires proper service of process in order for a federal court to obtain and exercise personal jurisdiction over a defendant. **Omni Capital Int'l Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987); Friedman, 929 F.2d at 1156; Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976)**.

    2.    **Burden of Proof**

In all challenges to sufficiency of process, the burden of proof lies with the party raising the challenge. *Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir.1986)*. "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.' " *O'Brien v. R.J. O'Brien Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993) (quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir.1955))*. The objections to service must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized. *Id. at 1400.* In the instant case, Defendant Fernandez has pointed out that the Plaintiff's Complaint was filed **January 29, 2004**, a summons was issued on that same date to Vincent Fernandez, and that summons was not served until **August 12, 2004.** (See Exhibit 2). That service was over the 120 limit required by *Rule 4(m).*

### 3.    Plaintiff Medina Cannot Prove "Good Cause" for his Failure to Make Timely Service.

*Rule 4(m)* permits a Plaintiff to maintain his action despite untimely service when a court orders an extension of the time for service if "plaintiff shows good cause for the failure [to make timely service]." Id.   The plaintiff bears "the burden of demonstrating the requisite good cause." *Ayer, supra* citing *Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985); Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).* The expiration of the statute of limitations period is not good cause warranting an extension of the time for service of process. See *Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C. 2003).*

Case law suggests that these factors should be weighed by judges in properly determining if good cause exists: whether the delay in service was intentional or that the

plaintiff gained from it; prejudice to the defendants from the delay; "aggravating factors[1]"; or

"any affront to the district court's control over its own docket." *See Ayer, supra at 885.*

Further,

> good cause is likely (but not always) to be found
> when the plaintiff's failure to complete service in
> timely fashion is a result of a third person, typically
> the process server, the defendant has evaded
> service of process or engaged in misleading conduct,
> the plaintiff has acted diligently in trying to effect
> service or there are understandable mitigating
> circumstances, or the plaintiff is proceeding pro se.

*McIsaac v. Ford, 193 F.Supp. 2d 382, 383 (D. Mass. 2002).* Indeed, in the *McIssac* case,

*supra*, the court dismissed the action where the defendants were served only two and three

days after the expiration of the 120 deadline in *Fed.R.Civ.P. 4.*

Medina cannot show any good cause. There is no indication that the process server

committed any error. Certainly Defendant Fernandez has not attempted to evade service.

Fernandez could not be easier to find and serve. As Fernandez is a police officer, Medina was

always aware of where to find Fernandez. Medina has known since the time of his arrest

leading to this lawsuit that Fernandez was a Lowell police officer[2]. (See Exhibit 3 at Paragraph

5). The Lowell police station is in the same location as it was in 2001, when Medina's arrest

---

[1]   "We have also looked for the presence of three 'aggravating factors' in upholding
dismissals for delaying service of process: the extent to which plaintiff rather than his
counsel, is personally responsible for the delay; the degree of prejudice to the
defendants; and whether the delay is the result of intentional conduct." *Fournier v.
Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) citing Porter v. Beaumont Enterprise
& Journal, 743 F.2d 269, 272 (5th Cir. 1984); Rogers v. Kroger Co., 669 F.2d 317, 320
(5th Cir. 1982).*

[2]   It should be noted that the Plaintiff's Summons was left with the person in charge at the
Lowell Police Department, Lt. Kennedy. Surely, the Plaintiff could have made service to
"the person in charge" at the Lowell Police Department within the 120 days as required
by *Rule 4(m).* If Plaintiff claims that he could not make service because he did not know
the first name of defendant "V. Fernandez" as he points out, the record is clear that he
did not seek an extension of time to perfect service, or seek to conduct any discovery in
order to obtain this information.

occurred.  Finally, Medina is represented by counsel, who is supposed to know the dictates of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss, pursuant to *Fed.R.Civ.P. 12(b)(5),* because Service of Process was not completed within the time limit of *Fed.R.Civ.P. 4(m)*, should be **ALLOWED**.

Respectfully submitted,

Thomas J. Freda  BBO#178150
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433
E-Mail: mplaw @bellatlantic.net

Dated: September 8, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP -9  P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS

DAVID MEDINA,

        **Plaintiff**

vs.                                                     Civil Action No.: 04-10204 GAO

CITY OF LOWELL, MASSACHUSETTS,
V. FERNANDEZ and RICHARD ROE,
ALIAS;
        **Defendants**

### AFFIDAVIT IN SUPPORT OF DEFENDANT FERNANDEZ'S MOTION TO DISMISS FOR UNTIMELY SERVICE PURSUANT TO RULES 12(b)(5) AND 4(m)

I, Thomas J. Freda, on oath depose and state as follows:

A.      I am the attorney for the Defendant, Vincent Fernandez, in the above-entitled matter and am familiar with the pleadings, exhibits and filings in this case

B.      Attached to this Affidavit is a true and accurate copy of the Clerk's Office Docket in this case.   It is marked as Exhibit **1**.

C.      Attached to this Affidavit is a true and accurate copy of the Plaintiff's Summons to the Defendant, Vincent Fernandez, which is filed in this case as paper #5.   It is marked as Exhibit **2**.

D.      Attached to this Affidavit is a true and accurate copy of the Plaintiff's Complaint , which is filed in this case as paper #1.  It is marked as Exhibit **3**.

E.      Attached to this Affidavit is a true and accurate copy of the Defendant's Counsel's *Local Rule 7.1(A)(2)* Correspondence to the Plaintiff's Counsel dated **August 31, 2004**.  It is marked as Exhibit **4**.

Subscribed and sworn to under the pains and penalties of perjury this
**September 8, 2004.**

_____
Thomas J. Freda

**EXHIBIT 1**

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-10204-GAO

Medina v. City of Lowell et al
Assigned to: George A. O'Toole Jr.
Referred to:
Demand: $500000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1983 Civil Rights

Date Filed: 02/02/04
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
----------------------

**David Medina**

represented by **Robert LeRoux Hernandez**
Law Offices of Robert L. Hernandez
6 Pleasant Street
Suite 520
Malden, MA 02148
781-321-8300
Fax : 781-397-9916
Email: rlhern@civiljustice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
----------------------

**City of Lowell**

represented by **Brian W. Leahey**
Ciy of Lowell Law Department
City Hall
375 Merrimack Street
Lowell, MA 01852
978-970-4050
Email: bleahey@ci.lowell.ma.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Massachusetts, State of**

**V. Fernandez**

**Richard Roe**

| Filing Date | # | Docket Text |
| --- | --- | --- |

| 01/29/2004 | 1 | COMPLAINT against City of Lowell, V. Fernandez, Massachusetts, State of, Richard Roe Filing fee: $ 150, receipt number 53459, filed by David Medina.(Edge, Eugenia) (Entered: 02/02/2004) |
| 01/29/2004 | | Summons Issued as to City of Lowell, V. Fernandez, Massachusetts, State of, Richard Roe. (Edge, Eugenia) (Entered: 02/02/2004) |
| 01/29/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Edge, Eugenia) (Entered: 02/02/2004) |
| 02/13/2004 | 2 | SUMMONS Returned Executed City of Lowell served on 2/12/2004, answer due 3/3/2004. (Flaherty, Elaine) (Entered: 02/18/2004) |
| 03/03/2004 | 3 | ANSWER to Complaint with Jury Demand by City of Lowell.c/s (Edge, Eugenia) (Entered: 03/04/2004) |
| 08/02/2004 | 4 | NOTICE of Scheduling Conference Scheduling Conference set for 9/22/2004 02:00 PM in Courtroom 9 before George A. O'Toole Jr.. Please mark your calendars accordingly. cc/cl(Lyness, Paul) (Entered: 08/02/2004) |
| 08/19/2004 | 5 | SUMMONS Returned Executed V. Fernandez served on 8/12/2004, answer due 9/1/2004. (Barrette, Mark) (Entered: 08/23/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/31/2004 16:21:54 | | |
| PACER Login: | mp0880 | Client Code: | |
| Description: | Docket Report | Case Number: | 1:04-cv-10204-GAO |
| Billable Pages: | 1 | Cost: | 0.07 |

**EXHIBIT 2**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Di$trict of    MASSACHUSETTS

DAVID MEDINA

V.

CITY OF LOWELL, MA, ET AL

**SUMMONS IN A CIVIL ACTION**

## 04   10204 GAO

CASE NUMBER:

TO: (Name and address of Defendant)

    Police Officer Vincent Fernandez
    Lowell Police Department
    50 Arcand Drive
    Lowell, MA 01852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Robert LeRoux Hernandez, Esquire
    6 Pleasant Street, Suite 517
    Malden, MA 02148

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

(By) DEPUTY CLERK

JAN 29 2004

DATE

04027039

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

NAME OF SERVER (PRINT)

**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

*Middlesex, ss.*

August 14, 2004

I hereby certify and return that on 8/12/2004 at 12:38PM I served a true and attested copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CONSENT TO PROCEED & EXHIBITS in this action in the following manner: To wit, by delivering in hand to LT. KENNEDY, agent, person in charge at the time of service for POLICE OFFICER VINCENT FERNANDEZ, at , 50 ARCAND Drive, LOWELL POLICE DEPARTMENT Lowell, MA 01852. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($0.90), Postage and Handling ($1.00), Travel ($16.00) Total Charges $52.90

*Deputy Sheriff*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
Date                        *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT

District of ____ MASSACHUSETTS

DAVID MEDINA

V.

CITY OF LOWELL, MA, ET AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# 04 10204 GAO

TO: (Name and address of Defendant)    Police Officer Vincent Fernandez
Lowell Police Department
50 Arcand Drive
Lowell, MA 01852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

A TRUE COPY ATTEST

_signature_

DEPUTY SHERIFF
Middlesex County

8/13/04

DATE OF SERVICE

Robert LeRoux Hernandez, Esquire
6 Pleasant Street, Suite 517
Malden, MA 02148

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

_signature_

(By) DEPUTY CLERK

JAN 2 9 2004

DATE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,                    )
    Plaintiff               )
                            )

VS.                              )
                            )    CIVIL ACTION NO.

CITY OF LOWELL, MASSACHUSETTS,   )
V. FERNANDEZ; and RICHARD ROE,   )
ALIAS;                           )
    Defendants               )

# COMPLAINT

## INTRODUCTION

1.     Plaintiff brings this action for compensatory and punitive monetary damages arising from the violation of his constitutional, statutory and common law rights during events which occurred on or about June 3, 2001, when he was assaulted, battered, arrested, imprisoned and maliciously prosecuted, all without cause by defendants, while acting under color of law, causing Plaintiff to sustain physical injuries, economic loss, great emotional distress and deprivation of rights secured by the federal and state constitutions, in violation of 42 U.S.C. §1983 and state law. He also brings ancillary state law claims over which this court has pendent jurisdiction.

## JURISDICTION

2.     This action is brought under 42 U.S.C. §§ 1983 and 1988 for violations of the

1

fourteenth amendment to the United States Constitution. Jurisdiction arises under 28 U.S.C.
§§ 1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this court over related
state law claims.

## PARTIES

3.     Plaintiff David Medina ("Plaintiff") is a Hispanic resident of Dracut,
Middlesex County, Massachusetts.

4.     Defendant City of Lowell, Massachusetts ("Lowell") is and was at all times
relevant to this suit a municipal corporation, situated in Middlesex County and duly
organized under the laws of the Commonwealth of Massachusetts.

5.     Defendant V. Fernandez ("Fernandez"), at all times relevant to this
complaint, was a police officer employed by the Lowell Police Department, acting under
color of law and within the scope of his employment. His first name is unknown, but is
expected to be learned through discovery. He is sued individually.

6.     Richard Roe ("Roe"), at all times relevant to this complaint, was a police
officer employed by the Lowell Police Department, acting under color of law and within the
scope of his employment. His true name is unknown, but is expected to be learned through
discovery. He is sued individually.

## STATEMENT OF FACTS

7.     On or about June 3, 2001 at approximately 2:30 a.m., while he was sitting in
his vehicle outside a sandwich shop, breaking no laws, playing his car radio, he was
approached by either defendant Fernandez or Defendant Roe, who, using profanity, ordered

2

plaintiff to shut off the music.

8.    Plaintiff, intending to comply, began by putting the window up.  The officer threatened to break the window with his flashlight, unless plaintiff put the window back down.

9.    Plaintiff immediately lowered the window, half way, whereupon the defendant police officers ordered him out of the car.

10.    Plaintiff complied.

11.    Knowing that plaintiff had committed no crime, the defendant police officers then threw him onto the hood of a police cruiser, tightly handcuffed him, and placed him in a police wagon.

12.    The defendant police officers then transported plaintiff to the Lowell police station.

13.    The defendant police officers placed the handcuffs on plaintiff's wrists so tightly as to cause them to bleed.

14.    Defendants held plaintiff at the police station for approximately 7 and one half hours before releasing him.

15.    Thereafter, Defendant Fernandez prepared a false report concerning the events leading to plaintiff's arrest in order to conceal his foregoing wrongful conduct and to prevent Plaintiff from seeking judicial redress to which he is entitled under law.

16.    As a direct and foreseeable consequence of the defendants' wrongful acts and omissions, Plaintiff suffered physical and psychological injuries, as well as economic loss.

17.    On June 3, 2001, Lowell had a policy or custom of violating the rights of its citizens. manifest in deliberate or reckless indifference to adequate training, adequate hiring and other personnel policies and adequate supervision. all of which it knew or had reason to know would cause the injuries suffered by Plaintiff. and said policy or custom in fact caused such injuries.

## STATEMENT OF CLAIMS

## COUNT I

### FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983

18.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-17. above,~ as if fully set forth herein.

19.    The defendants jointly and severally deprived Plaintiff of clearly established constitutional rights secured under the fourteenth amendment to the United States Constitution. including freedom from the use of excessive and unreasonable force. freedom from unreasonable search and seizure and freedom from intimidation. humiliation and damage to reputation.

20.    Defendants are jointly and severally liable to Plaintiff under 42 U.S.C. § 1983 for their unlawful conduct. and Plaintiff is entitled to the award of compensatory and punitive monetary damages. and. under 42 U.S.C. § 1988 to costs and attorney's fees.

## COUNT II

### MASSACHUSETTS CIVIL RIGHTS ACT

21.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-17. above.

4

as if fully set forth herein.

22.    Defendants Fernandez and Roe, in violation of Mass.Gen.Laws ch. 12, § 11I,
interfered or attempted to interfere by threats, intimidation or coercion, with Plaintiff's
exercise and enjoyment of rights secured under the constitution and laws of the
Commonwealth of Massachusetts and the United States and are jointly and severally liable to
him for said interference and attempted interference, as well as for his costs and attorney's fees

## COUNT III

## FALSE IMPRISONMENT

23.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-17, above,
as if fully set forth herein.

24.    The acts of defendants Fernandez and Roe constituted the false imprisonment
of the Plaintiff in violation of the laws of Massachusetts, for which each individual defendant
is liable, jointly and severally, to Plaintiff.

## COUNT IV

## ASSAULT AND BATTERY

25.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-17,
above, as if fully set forth herein.

26.    Defendants Fernandez and Roe assaulted and battered Plaintiff without
provocation or justification in violation of the laws of Massachusetts and are thereby jointly
and severally liable to him

5

## COUNT V

## MASSACHUSETTS TORT CLAIMS ACT

27.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-17. above. as if fully set forth herein.

28.     The injuries suffered by Plaintiff. as described above. were the direct and foreseeable consequence of the negligence of employees of Lowell in the execution of their duties for their employer. including but not limited to negligent and otherwise wrongful acts and omissions in recruitment. training and supervision.

29.     On or about May 20. 2003. Plaintiff. through his attorney. presented his claim for relief in accordance with the procedures set forth in Mass. Gen. Laws ch. 258 to the public employer. through the City Clerk. a copy of which presentment is attached hereto as Exhibit "A." and the contents of which are incorporated herein by reference. Lowell did not. within 180 days. respond thereto such that the claim is deemed denied. and Plaintiff may now proceed in court under ch. 258.

30. Lowell is liable to Plaintiff in negligence for the negligent and otherwise wrongful acts and omissions of its employees. whereby Plaintiff is entitled to compensatory damages of up to $100.000.00.

WHEREFORE. Plaintiff demands:

A.     The entry of judgment in favor of Plaintiff under all counts:

B.     Judgment against all of the defendants. jointly and severally under Count I:

C.     Judgment against the individual defendants, jointly and severally. under Counts II-IV:

D.    Judgment against City of Lowell under Count V.

E.    The award of compensatory damages in an amount no less than $200,000.00, to Plaintiff under Counts I through IV;

F.    The award of punitive damages under Count I against the individual defendants in an amount no less than $100,000.00 each;

G.    The award of damages against Lowell under Count V in the amount of $100,000.00;

H.    Reasonable attorney's fees;

I.    The cost of bringing this action;

J.    Pre–judgment interest; and

K.    Such further relief as the court deems just and equitable.

Respectfully submitted,

DAVID MEDINA,
By his attorney.

Dated: January 27, 2004

Robert LeRoux Hernandez
BBO No. 231920
Six Pleasant Street, Suite 517
Malden, MA  02148
(781) 321-8300

7




**LAW OFFICES**
**OF**
# ROBERT LeROUX HERNANDEZ
**SIX PLEASANT STREET, SUITE 513**
**MALDEN, MASSACHUSETTS 02148**

TELEPHONE: (781) 321-8300 or (800) 370-1044
TELECOPIER: (781) 397-9916
rlhern@civiljustice.com
http://www.civiljustice.com

May 20, 2003

Richard C. Johnson, Clerk
City of Lowell
City Hall
375 Merrimack Street
Lowell MA 01852

Re: David Medina v. City of Lowell

Greetings:

David Medina hereby demands relief under Mass.Gen.Laws ch. 258 against the City of Lowell as public employer of police officers, V. Fernandez and other members of the City of Lowell Police Department for the injuries he has suffered as a result of these employees' negligent and otherwise wrongful acts and omissions on June 3, 2001, as well as for the negligence and otherwise wrongful acts and omissions of their supervisors and superiors.

On June 3, 2001 at approximately 2:30 a.m., David Medina was falsely arrested by Officer Fernandez, allegedly for disturbing the peace. At the time of the arrest, Mr. Medina had been stopped outside a sandwich shop: the windows to his vehicle were down and music was playing. A Lowell police officer approached the vehicle and, using profanity, ordered Mr. Medina to shut off the music. Mr. Medina, who had every intention of complying, began by putting the windows up. This apparently upset the officer, who told him to put the window back down or he would break it with his flashlight. Mr. Medina lowered the window, half way: another Lowell police officer, in Spanish, ordered him out of the car. Mr. Medina complied. The first officer then threw him onto the hood of a police cruiser and handcuffed him. The officers placed him in a police wagon, which drove him to the police station. When he arrived, his wrists were bleeding from the tightness of the handcuffs.

Richard C. Johnson
May 20, 2003
Page 2

David Medina was incarcerated for approximately 7-1/2 hours. He was charged with disturbing the peace, which charges were dismissed at his arraignment upon payment of court costs. Moreover, in order to cover up the true circumstances of this false arrest, Officer V. Fernandez prepared a false report concerning the events leading to the arrest.

As a direct and foreseeable consequence of this false arrest, Mr. Medina suffered swelling, redness and pain to the site on his left wrist on which a ganglion cyst had been surgically removed six months prior to this incident. He was forced to seek medical treatment.

On June 5, 2001, Mr. Medina sought treatment at Harvard Vanguard Medical Associates. On examination, Nancy Lake, NP, noted oozing from the old incision site and the area immediately surrounding it was quite red, warm to touch and swollen. She noted the swelling extended down his left arm and hand. Mr. Medina developed a cellulitis with the opening of the wound as a direct cause of the handcuffs being so tight. He was immediately started on antibiotics, encouraged to keep his arm elevated, prescribed pain medication, and given a follow-up appointment.

The cellulitis had at first cleared on antibiotics and then Mr. Medina developed a secondary cellulitis, which required repeated medication and medical attention. Although the cellulitis resolved, the ganglion returned, causing him to experience pain in his wrist. He was forced to wear a splint to support the wrist.

On August 2, 2001, Mr. Medina's primary care physician, Dr. Bindu Chamarthi, concerned about the recurrence of the ganglion, requested that he see orthopaedic surgeon, Steven Alter, M.D. Dr. Alter's examination revealed a recurrence of a dorsal wrist ganglion which measured approximately 5 x 5 millimeters. He noted some soft tissue swelling over the distal end of the radius. He also noted that Mr. Medina's grip strength on the right was 80, 80, 80 and on the left was 40, 40, 60. He ordered an MRI to rule out tenosynovitis, because of significant dorsal wrist swelling. Mr. Medina was prescribed Naprosyn, and given a follow-up appointment. Mr. Medina stayed under Dr. Alter's care until September 28, 2001. The swelling of his wrist has persisted to the present, nearly two years after the incident.

Mr. Medina incurred $2,379.00 in medical bills and, per doctor's orders, was out of work from the date of the incident until he returned on June 15, 2001.

Richard C. Johnson
May 20, 2003
Page 3

when he did return to work, Mr. Medina noted increase of pain and swelling in his wrist when he lifted heavy boxes. The nurse at his workplace advised him to seek medical treatment. Dr. Chamarthi gave him a note for light duty work, with no heavy lifting or repetitive movements of the left wrist. He was totally disabled for approximately two weeks and remains partially disabled. To this date, he cannot do heavy lifting with his left hand.

Apart from the physical pain caused by these police officers, Mr. Medina, who had never before been arrested or incarcerated, suffered fear, humiliation, anxiety, distress and anger as a direct consequence of your employees' conduct.

Your police officers were negligent in the manner in which they dealt with Mr. Medina. Moreover, their superiors were negligent in the manner in which they recruited, trained, retained and supervised these officers.

As a result of your employee's negligent and otherwise wrongful acts and omissions, as described above, David Medina has been caused to suffer great pain and other injuries, humiliation, damage to reputation, mental anguish and emotional distress.

For the foregoing acts and omissions, on behalf of David Medina, I demand $45,000.00, in consideration for a release of all claims against the City of Lowell and its employees.

This amount is proposed for settlement purposes only and in no way should be construed as a limitation on your liability or on the value of damages actually suffered. In the event that a satisfactory resolution is not reached, we shall proceed to litigation.

I look forward to hearing from you soon.

Sincerely,

Robert LeRoux Hernandez

RLH/lc
3160
Certified Mail



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**OFFICIAL USE**

LOWELL MA 01852

| | | UNIT ID: 0148 |
|---|---|---|
| Postage | $ 0.37 | |
| Certified Fee | 2.70 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk KGCNC |
| Total Postage & Fees | $ 4.42 | 05/21/03 |

Sent To
Richard C. Johnson, Clerk
Street, Apt. No.; or PO Box No.  Lowell city Hall
375 Merrimack ST.
City, State, ZIP+4  Lowell MA 01852

PS Form 3800, January 2001

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Richard C. Johnson, Clerk | 7002-0510-0003-4339-1994 |
| City of Lowell City Hall | 4b. Service Type |
| 375 Merrimack Street | ☐ Registered  ☒ Certified |
| Lowell, MA 01852 | ☐ Express Mail  ☐ Insured |
| | ☐ Return Receipt for Merchandise  ☐ COD |
| | 7. Date of Delivery  5/22 |

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    Domestic Return Receipt

# NOTICE OF OPPORTUNITY TO CONSENT TO THE EXERCISE
## OF CIVIL JURISDICTION BY A MAGISTRATE
### AND APPEAL OPTION

In accordance with the provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, you are hereby notified that the United States magistrates of this district court, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non-jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent, or not to consent, to the referral of your case to a United States magistrate for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s) and defendant(s). If the form is executed by all counsel for the parties, it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate will either the judge or magistrate to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate for disposition.

In accordance with 28 U.S.C. §636(c)(3) and Fed.R.Civ.P. 73(c), an appeal from a judgment entered by a magistrate may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. Alternatively, upon consent of all parties, an appeal from a judgment entered by a magistrate may be taken directly to a district judge in accordance with 28 U.S.C. §636(c)(4) and Fed.R.Civ.P. 73(d). Cases in which an appeal is taken to a district judge may be reviewed by the United States court of appeals for this circuit only by way of petition for leave to appeal.

Copies of the consent form are available from the clerk of the court.

# UNITED STATES DISTRICT COURT

_____ District of __Massachusetts__

David Medina
_____
Plaintiff

V.

City of Lowell, et al
_____
Defendant

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE AND
ORDER OF REFERENCE

Case Number:  04-10204-GAO

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily waive their rights to proceed before a judge of the United States district court and consent to have a United States magistrate conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

Signatures                                           Date

_____          _____

_____          _____

_____          _____

_____          _____

Unless otherwise indicated below, any appeal shall be taken to the United States court of appeals for this judicial circuit, in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(c).

## ELECTION OF APPEAL TO DISTRICT JUDGE

(DO NOT EXECUTE THIS PORTION OF THE FORM IF THE PARTIES DESIRE THAT THE APPEAL LIE DIRECTLY TO THE COURT OF APPEALS.)

The parties in this case further consent, by signing below, to take any appeal to a judge of the district court, in accordance with 28 U.S.C. 636(c)(4) and Fed.R.Civ.P. 73(d).

_____          _____

_____          _____

_____          _____

_____          _____

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to the Honorable _____,
United States Magistrate, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____                    _____
Date                                          United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF COURT ONLY IF ALL PARTIES HAVE CON

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,                                    )
    Plaintiff                                )
                                                 )
                                                 )
VS.                                              )
                                                 )          CIVIL ACTION NO. 04-10204 G.
                                                 )
CITY OF LOWELL, MASSACHUSETTS,                   )
V. FERNANDEZ; and RICHARD ROE,                   )
ALIAS;                                           )
    Defendants                               )
                                                 )


# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.


Respectfully submitted,

DAVID MEDINA,
By his attorney,

Dated: January 27, 2004

Robert LeRoux Hernandez
BBO No. 231920
Six Pleasant Street, Suite 517
Malden, MA  02148
(781) 321-8300

**EXHIBIT 4**

| FAX COVER SHEET |
|---|

**Monahan & Padellaro, Attorneys at Law**
43 Thorndike Street
Cambridge, MA 02141

**Telephone Number**  (617)494-1188
**Facsimile Number**  (617)494-0433

**Recipient:** *Robert Hernandez*

**Company Name:**

**Recipient
Telephone No. 781-321-8300**

**Recipient
Facsimile No: 781-397-9916**

**Date Sent:** *August 31, 2004*

**Total Pages of Fax, including cover sheet:**     4

**From:**        ❏ Joseph W. Monahan, III  ❏ Marc D. Padellaro  ☑ Thomas J. Freda

**Action:**              ❏  *Urgent*  ❏  *Reply ASAP*  ❏  *Please Review*  ☑  *For your information*

**Original to follow by:** ❏ *Courier*  ❏ *Express Mail*  ❏ *Federal Express*  ❏ *Regular/Certified Mail*

**Message:**        Re: Medina v. City of Lowell

**CONFIDENTIALITY NOTICE**

THIS DOCUMENT(S) ACCOMPANYING THIS COVER SHEET FROM THE LAW FIRM OF MONAHAN & PADELLARO MAY
CONTAIN INFORMATION THAT IS CONFIDENTIAL AND OR LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED
ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS COVER SHEET. IF YOU ARE NOT THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY
ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED AND THE
DOCUMENT(S) SHOULD BE RETURNED TO THIS OFFICE IMMEDIATELY. IN THIS REGARD, IF YOU HAVE RECEIVED THIS
COVER IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE FOR THE RETURN OF
THE DOCUMENT(S) TO US AT NO COST TO YOU.

C:\My Documents\Fax Cover Sheets\Monahan Fax.wpd

TRANSMISSION VERIFICATION REPORT

```
                                         TIME : 08/31/2004 06:16
                                         NAME : MONAHAN&PADELLARO
                                         FAX  : 6174940433
                                         TEL  : 6174941188
```

```
         DATE,TIME              08/31 06:15
         FAX NO./NAME           17813979916
         DURATION               00:01:29
         PAGE(S)                04
         RESULT                 OK
         MODE                   STANDARD
```

Law Offices of
## MONAHAN & PADELLARO
ATTORNEYS-AT-LAW
BULLFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MASSACHUSETTS 02141-1714

-----------------------------

**TEL (617) 494-1188**

**FAX (617) 494-0433**

JOSEPH W. MONAHAN, III
MARC D. PADELLARO
M. JANE WALSH
THOMAS J. FREDA
CHRISTIAN A. PAHL

**E-MAIL**
**MPLAW @ BELLATLANTIC.NET**

August 31, 2004

Robert L. Hernandez, Esquire                 **By Facsimile No:781-397-9916**
**Law Office of Robert L. Hernandez**
6 Pleasant Street, Suite 520
Malden, MA 02148

Re:    **Medina v. City of Lowell, et al**
       **Case No: 04-10204 GAO**

Dear Attorney Hernandez:

Please be advised that this office represents **Officer Vincent Fernandez** of the **Lowell Police Department**. Please accept this letter as evidence of our attempt to resolve and narrow a responsive pleading issue pursuant to *Local Rule 7.1(A)(2)*.

Enclosed with this facsimile is a copy of the summons and return of service directed to **Officer Vincent Fernandez** as well as a copy of the docket in this case. Per the docket, the Complaint was filed on **January 29, 2004** and entered on **February 2, 2004**. A summons was issued by the Court on **January 29, 2004** but not served on my client until, **August 14, 2004,** some **192** days after the filing of the complaint. Given the dictates of *Fed. R. Civ. P. Rule 4(m)* requiring the Court to dismiss an action if service is not made within **120** days, and the fact that the three year statute of limitations has passed, please advise if you will voluntarily dismiss this action against **Officer Fernandez**.

I will be happy to discuss this matter with you if you like. If I do not hear from you, I will file a motion to dismiss, based upon lack of service of process.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas J. Freda

Enclosures
C:\My Documents\Letters\Robert Hernandez Letter.wpd

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of          MASSACHUSETTS

DAVID MEDINA

V.                                              **SUMMONS IN A CIVIL ACTION**

CITY OF LOWELL, MA, ET AL

## 04    10204 GAO

CASE NUMBER:

TO: (Name and address of Defendant)

Police Officer Vincent Fernandez
Lowell Police Department
50 Arcand Drive
Lowell, MA 01852

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert LeRoux Hernandez, Esquire
6 Pleasant Street, Suite 517
Malden, MA 02148

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS                                              JAN 29 2004

CLERK

(By) DEPUTY CLERK                                          DATE

*04027039*

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

NAME OF SERVER (PRINT)

**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

*Middlesex, ss.*

August 14, 2004

I hereby certify and return that on 8/12/2004 at 12:38PM I served a true and attested copy of the SUMMONS ,COMPLAINT,DEMAND FOR JURY TRIAL,CONSENT TO PROCEED & EXHIBITS in this action in the following manner: To wit, by delivering in hand to LT. KENNEDY, agent, person in charge at the time of service for POLICE OFFICER VINCENT FERNANDEZ, at , 50 ARCAND Drive, LOWELL POLICE DEPARTMENT Lowell, MA 01852. Attest ($5.00), Basic Service Fee ($30.00), Conveyance ($0.90), Postage and Handling ($1.00), Travel ($16.00) Total Charges $52.90

*Deputy Sheriff*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date                    _____
                                            Signature of Server


                                            _____
                                            Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.