# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,  )
   Plaintiff  )
)
VS.  )
)
CITY OF LOWELL, MA, ET AL,  )   CIVIL ACTION NO. 04-10204-GAO
   Defendants  )
)
)
)
)

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT VINCENT FERNANDEZ'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO ENLARGE TIME FOR SERVICE

On January 28, 2004, plaintiff filed his complaint under the federal civil rights statute also raising pendent state claims. The complaint alleges that Officer Vincent Fernandez falsely arrested him on or about June 3, 2001, and subjected him to handcuffs so tight as to cause serious injury and permanent deformity of his left wrist in the form of a ganglion.

Plaintiff served the defendant City on or about February 10, 2004. For reasons discussed below, plaintiff delayed service of the individual police officer until August, approximately 75 days after the deadline imposed by Fed. R. Civ. P. 4. The court may, in its discretion, allow or deny defendant Fernandez's motion. *See Rollerblade v Rappelfeld*, 165 F.R.D. 92 (DC Minn 1995) (Under Fed.R.Civ.P. 4(m), court has discretion to either dismiss complaint that has not been served within 120 days after its filing, or allow service of complaint within specified time; if plaintiff shows good cause for failure, court must extend time for service for appropriate period);

1

*Blessinger v United States*, 174 F.R.D. 29 (E.D. NY 1997) (Court, in its discretion, may extend time for service, even if plaintiff fails to show good cause; if plaintiff has shown good cause, extension is mandatory.).

Plaintiff respectfully urges that there is good cause for counsel's failure to serve defendant Fernandez within the prescribed period. Specifically, counsel's elderly parents were each hospitalized twice during the period between the filing of the complaint and service of Fernandez, and he was required to make numerous trips to Pennsylvania and New Jersey to provide for their care. Counsel's father suffers from heart ailments and the after-effects of treatment for cancer and his mother suffers from a debilitating condition which has led to her loss of the ability to walk since February 2004. These situations distracted counsel, who is a sole practitioner, and led to his failure to complete timely service of defendant Fernandez.

Fernandez cannot show any prejudice from this delay, as he must be deemed to have constructive knowledge thereof from his employer, the City of Lowell, to which the allegations were first formally presented on May 20, 2003 (*see* Exhibit "A," to the complaint), and the City was timely served with the complaint on or about February 10, 2004. Moreover, plaintiff's demand to the City is within the statutory threshold for indemnification by the City should Fernandez be found liable for violation of plaintiff's civil rights.

Inasmuch as the action arises from Fernandez's acts and omissions, his participation as a defendant in this action is likely to facilitate its ultimate resolution.

Accordingly, plaintiff respectfully urges that the court find good cause for extending the service of process deadline to include the date on which Fernandez was served, or, in the

2

WHEREFOR, plaintiff urges that the court not dismiss the complaint against Fernandez.

Respectfully submitted,

DAVID MEDINA,
By his Attorney,

Dated: September 21, 2004        /s/ Robert L. Hernandez
Robert LeRoux Hernandez
BBO No. 231920
6 Pleasant Street, Suite 517
Malden, MA 02148
(781) 321-8300

## CERTIFICATE OF SERVICE

I, Robert LeRoux Hernandez, hereby certify that I have this day sent a copy of the foregoing document by electronic mail directed to all counsel of record.

Dated: September 21, 2004        /s/ Robert L. Hernandez
Robert LeRoux Hernandez