UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MEDINA,

    Plaintiff

vs.

CITY OF LOWELL, MASSACHUSETTS,
V. FERNANDEZ and RICHARD ROE,
ALIAS,

    Defendants

C.A. NO.: 04-10204-GAO

### ANSWER OF DEFENDANT V. FERNANDEZ

Now comes the Defendant V. Fernandez ("Fernandez"), in the above-entitled action, and for answer says:

INTRODUCTION

1. Fernandez admits that a civil action has been brought on behalf of the Plaintiff and that damages are sought, but denies each and every further allegation contained in Paragraph 1 and calls upon Plaintiff to prove same.

JURISDICTION

2. Fernandez states this Paragraph calls for a legal conclusion and not a responsive answer. To the extent that the Paragraph alleges any facts, Fernandez **denies** the allegations in this Paragraph.

PARTIES

3. The Defendant has insufficient knowledge to either **affirm** or **deny** the allegations of this Paragraph.

4. The Defendant has insufficient knowledge to either **affirm** or **deny** the allegations of this Paragraph.

5. The Defendant neither **admits** nor **denies** the allegations in this paragraph but leave the Plaintiff to his proof.

6. The Defendant has insufficient knowledge to either **affirm** or **deny** the

allegations of this Paragraph.

## STATEMENT OF FACTS

7. The Defendant **denies** the allegations in this paragraph.

8. The Defendant **denies** the allegations in this paragraph.

9. The Defendant **denies** the allegations in this paragraph.

10. The Defendant **denies** the allegations in this paragraph.

11. The Defendant **denies** the allegations in this paragraph.

12. The Defendant neither **admits** nor **denies** the allegations in this Paragraph but leaves the Plaintiff to his proof.

13. The Defendant **denies** the allegations in this paragraph.

14. The Defendant neither **admits** nor **denies** the allegations in this Paragraph but leaves the Plaintiff to his proof.

15. The Defendant **denies** the allegations in this paragraph.

16. The Defendant has insufficient knowledge to either **affirm** or **deny** the allegations of this Paragraph.

17. The Defendant neither **admits** nor **denies** the allegations contained in this Paragraph as the allegations are not directed to him.

## STATEMENT OF CLAIMS

### COUNT I
### FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983

18. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

19. The Defendant **denies** the allegations in this paragraph.

20. The Defendant **denies** the allegations in this paragraph.

### COUNT II
### MASSACHUSETTS CIVIL RIGHTS ACT

21. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

22. The Defendant **denies** the allegations in this paragraph.

## COUNT III
## FALSE IMPRISONMENT

23. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

24. The Defendant **denies** the allegations in this paragraph.

## COUNT IV
## ASSAULT AND BATTERY

25. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

26. The Defendant **denies** the allegations in this paragraph.

## COUNT V
## MASSACHUSETTS TORT CLAIMS ACT

27. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

28. The Defendant **denies** the allegations in this paragraph.

29. The Defendant has insufficient knowledge to either **affirm** or **deny** the allegations of this Paragraph.

30. The Defendant neither **admits** nor **denies** the allegations contained in this Paragraph as the allegations are not directed to him.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

By way of affirmative defense, the Defendant states that the Plaintiff's complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

By way of affirmative defense, the Defendant states that the Plaintiff's complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Immunity for Negligence Pursuant to M.G.L. c. 258, § 2)

By way of affirmative defense, the Defendant states that the Plaintiff's Complaint, to the extent it alleges State Law Claims of Negligence on the part of the Defendant is barred pursuant to M.G.L. c. 258, § 2.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Requisite Knowledge and Notice)

By way of affirmative defense, the Defendant lacked any requisite knowledge or notice necessary for it to have liability attach to his actions or inactions.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

By way of affirmative defense, the Defendant states that any injuries the Plaintiff suffered are the result of his own negligent, intentional and/or illegal conduct and not any actions of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Self-Defense, Defense of Another)

By way of affirmative defense, the Defendant states that the Defendant was acting in self-defense of himself or another.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Malice and within Authority of a Police Officer)

By way of affirmative defense, the Defendant states that the Defendant acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority as a police officer.

### EIGHT AFFIRMATIVE DEFENSE
### (Resisting of Lawful Arrest)

By way of affirmative defense, the Defendant states that the Plaintiff's actions were an unjustified resisting of a lawful arrest.

### NINTH AFFIRMATIVE DEFENSE
### (No Constitutional Deprivation)

By way of affirmative defense, the Defendant states that the activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. §1983, therefore this Court lacks subject matter jurisdiction.

### TENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred under the doctrine of qualified immunity as the alleged acts complained of occurred within the scope of the Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were allegedly committed.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

By way of affirmative defense, the Defendant states in any actions he undertook or failed to take, he lacked the element of malice to the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Perfect Service of Process)

By way of affirmative defense, the Defendant states that the Plaintiff has failed to

properly effect service of process on the Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred because due to an accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Duress)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred due to duress.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches)

By way of affirmative defense, the Plaintiff's Complaint is barred because the Plaintiffs are guilty of laches and the Defendant has been prejudiced by the excessive delay of the Plaintiff's in seeking the requested relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

By way of affirmative defense, the Plaintiff's Complaint is barred because of the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### ( License, Release and Waiver )

By way of affirmative defense, the Defendant's actions and conduct were lawful, justified and privileged, by way of license, release by the Plaintiff, and waiver for the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Frivolous Action Defenses)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are frivolous and not advanced in good faith and that therefore the Defendant is entitled to costs and attorneys fees pursuant to **42 U.S.C. §1988**.

### NINETEENTH AFFIRMATIVE DEFENSE
### ( Violation of General Law Chapter 231, Section 6(f) )

By way of affirmative defense, the Defendant states that the Plaintiff is estopped from recovery by virtue of the fact that the Complaint contains allegations wholly unsubstantial, frivolous and not advanced in good faith and as such this Defendant is entitled to costs and attorneys fees for defense pursuant to *M.G.L. Chapter 231, Section 6(f)* and as otherwise allowed by law.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Reservation of Rights to Assert Additional Defenses)

By way of affirmative defense, the Defendant states it reserves the right, after entering into discovery, to file additional affirmative defenses, claims and actions as may be necessary, compulsory or available.

### DEFENDANT'S DEMAND OF TRIAL BY JURY

**THE DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### REQUESTS FOR RELIEF

WHEREFORE, The Defendant requests that this Court:

1. Find in his favor on all counts;
2. Grant judgment in his favor;
3. Dismiss the claims brought against him;
4. Grant him costs and attorneys fees;
5. Any other relief this Court deems equitable and just.

Respectfully submitted,

*/s/ Thomas J. Freda/*
Joseph W. Monahan, III - BBO#351100
Thomas J. Freda, BBO#178150
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433
E-Mail: mplaw @bellatlantic.net

Dated: October 7, 2004

### CERTIFICATE OF SERVICE

I, Thomas J. Freda, hereby certify that on the date listed above, I served a copy of the foregoing Answer of Defendant V. Fernandez by *regular mail, postage prepaid* to the following:

Plaintiff's Counsel:
Robert LeRoux Hernandez, Esq.
6 Pleasant Street, Suite 517
Malden, MA 02148

Co-Defendant's Counsel:
Brian W. Leahey
Assistant City Solicitor
City Hall, Law Department
375 Merrimack Street, 3rd Fl.
Lowell, MA 01852

*/s/ Thomas J. Freda/*
Thomas J. Freda, BBO# 178150